UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ENERGY CONVERSION DEVICES, INC.,
at al,

         Debtors.
_____/

Case No. 12-43166

Chapter 11
(Jointly Administered)[1]

Judge Thomas J. Tucker

ENERGY CONVERSION DEVICES
LIQUIDATION TRUST,

         Plaintiff,

vs.

OVONYX, INC., *et al.*,

         Defendants.
_____/

Adv. Pro. No. 18-4320

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I. Introduction and background**

This adversary proceeding is before the Court on the Plaintiff's motion for leave to file a second amended complaint (Docket ## 283, 285, the "Motion").[2] One of the Defendants, Micron Technology, Inc. ("Micron") filed a response, objecting to the Motion (Docket ## 298, 300).[3]

---

[1] This Chapter 11 case is jointly administered with the case of United Solar Ovonic LLC, Case No. 12-43167.

[2] Docket # 283 is the redacted version of the Motion; the unredacted version was filed under seal at Docket # 285.

[3] Docket # 298 is the redacted version of the response; the unredacted version was filed under seal at Docket # 300.

The Plaintiff filed a reply in support of the Motion (Docket ## 342, 345).[4] The Court held a telephonic hearing on the Motion on November 17, 2021, and then took the Motion under advisement.

The Court has considered all of the written and oral arguments of the parties,[5] all of the authorities cited by the parties, and all relevant parts of the record in this adversary proceeding and in the related bankruptcy cases. For the reasons stated below, the Court will grant the Motion.

In the Motion, which was filed on July 30, 2021, the Plaintiff, Energy Conversion Devices Liquidation Trust, seeks leave to file a second amended complaint. The proposed second amended complaint would amend Plaintiff's First Amended Complaint, which was filed August 1, 2018, in only a very limited way. The amendment would add Micron as a defendant to the Plaintiff's Fifth Cause of Action, and would add certain related allegations. With that second amended complaint, Micron would join the existing defendant, Ovonyx Memory Technology, LLC ("OMT"), as a defendant to the Fifth Cause of Action, which is a claim alleging an actual fraudulent transfer.[6]

Under the Court's amended scheduling order filed October 21, 2020, all parties were

---

[4] Docket # 342 is the redacted version of the response; the unredacted version was filed under seal at Docket # 345.

[5] This includes the unredacted versions of the documents filed under seal, referred to in footnotes 2-4 above.

[6] For a detailed description and discussion of the Fifth Cause of Action, *see* the Court's October 1, 2021 Opinion Regarding Defendants' Motions to Dismiss (Docket # 192) at 115-133.

granted leave through, and a deadline of, May 3, 2021 to amend the pleadings.[7] That means that Plaintiff already had leave to file the proposed second amended complaint, and could have done so without filing any motion for leave, if Plaintiff had done so on or before May 3, 2021. It also means that May 3, 2021 was the deadline for Plaintiff and each of the other parties to amend their pleadings. But Plaintiff missed the May 3, 2021 deadline, by just under three months, filing the Motion on July 30, 2021.

## II. Discussion

In order for the Court to grant the Motion under these circumstances, Plaintiff must show both (1) "good cause" to modify the Court's scheduling order (the May 3, 2021 deadline to amend pleadings) under Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); and (2) grounds for granting leave to amend its complaint under Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). These rules apply in this adversary proceeding under Fed. R. Bankr. P. 7016 and 7015, respectively.

Plaintiff argues, and Micron disputes, that Plaintiff meets these requirements. The Court agrees with Plaintiff, and in the exercise of its discretion, the Court will grant the Motion.

The Court has considered the factors deemed relevant under the binding and applicable Sixth Circuit case law, including the most recent Sixth Circuit case cited by the parties, *Garza v. Lansing School District*, 972 F.3d 853, 879 (6th Cir. 2020) (citations omitted) ("'the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet' the scheduling order's requirements, but courts also consider 'possible prejudice to the

---

[7] Amended Scheduling Order (Docket # 199) at 2, ¶¶ I(f) and I(g).

party opposing the modification'"). *See also Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003) (citations omitted) (under Rule 15(a), leave to amend should be freely given in the absence of "undue delay; bad faith or dilatory motive" by the movant; "repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; [or] futility of the amendment;" factors under Rule 16(b): diligence of moving party in attempting to meet the scheduling order deadline; prejudice to opposing party if scheduling order deadline is modified); *Inge v. Rock Fin'l. Corp.*, 281 F.3d 613 (6th Cir. 2002) (citations omitted) (factors under Rule 16(b): diligence of moving party in attempting to meet the scheduling order's requirements; possible prejudice to the party opposing the modification).

The Court finds and concludes the following. First, while it is a close question, the Court finds that the Plaintiff was sufficiently diligent in failing to amend its complaint by the Court's May 3, 2021 deadline, and instead only seeking leave to amend just under three months later, on July 30, 2021. Plaintiff filed its Motion promptly after obtaining further evidence (including the deposition of Micron's David Kaplan), that arguably made pleading its fraudulent transfer claim against Micron stronger and more plausible. And the length of Plaintiff's delay in seeking to amend its complaint, beyond the scheduling order's May 3, 2021 deadline for amending the pleadings, was relatively short, considering the status, nature and circumstances of this case.

Second, it is clear that if the Motion is granted, Micron will suffer no prejudice whatsoever from Plaintiff's delay in seeking to amend its complaint. Micron and OMT have been Defendants in this case from the beginning, and they are represented by the same counsel. The Fifth Cause of Action against OMT has been pending since Plaintiff filed its original

4

complaint, on July 12, 2018, and its First Amended Complaint, on August 1, 2018. And on behalf of OMT, Micron's and OMT's joint counsel undoubtedly has already investigated in detail, and conducted discovery relating to, the Plaintiff's Fifth Cause of Action.

Moreover, on August 27, 2021, well after Plaintiff filed the present Motion, and with the agreement of all Defendants, the Court entered an order further extending dates and deadlines in this case, including the deadline to complete discovery.[8] Now the deadlines are January 14, 2022 to complete fact discovery; February 1, 2022 and March 10, 2022 for expert reports and rebuttal expert reports, respectively; and April 7, 2022 to complete all expert depositions. Potentially dispositive motions are not due until May 6, 2022.

Micron has not identified any particular additional discovery that it may wish to obtain about the Fifth Cause of Action, if the Motion is granted, beyond what OMT has sought or will seek. But if Micron does need to obtain such additional discovery, the amended schedule just described should give sufficient time for that. And if it does not, the Court can and will take any necessary steps to make sure that Micron is not prejudiced by the timing of Plaintiff's Motion and this Order granting the Motion.

Third, the Court rejects Micron's contention that the Plaintiff's proposed amendment of its complaint would be futile. Micron's futility argument is based on an argument that the Court today has rejected, in a separate opinion and order denying Micron's motion to dismiss this case.

Fourth, none of the other factors are present that might justify denying Plaintiff leave to amend under Civil Rule 15(a), such as bad faith or dilatory motive by the movant; or repeated failure to cure deficiencies by amendments previously allowed.

---

[8] Order (Docket # 310).

### III. Conclusion and Order

For the reasons stated above,

IT IS ORDERED that:

1. The Motion (Docket # 283 and 285) is granted.

2. Plaintiff is granted leave to file its proposed Second Amended Complaint,[9] and must do so, if at all, no later than December 1, 2021.

3. Plaintiff may file a redacted copy of the Second Amended Complaint on the public docket in this adversary proceeding, and then must file an unredacted copy of the Second Amended Complaint under seal, and Plaintiff must serve the unredacted copy on all of the Defendants.

**Signed on November 24, 2021**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[9] That proposed Second Amended Complaint is attached to the Motion as Exhibit 6.