UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Case No. 12-43166

ENERGY CONVERSION DEVICES, INC.,
at al,

Chapter 11
(Jointly Administered)[1]

Debtors.

_____/

Judge Thomas J. Tucker

ENERGY CONVERSION DEVICES
LIQUIDATION TRUST,

Plaintiff,

vs.

Adv. Pro. No. 18-4320

OVONYX, INC., *et al.*,

Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

**I. Introduction**

This adversary proceeding is before the Court on the Plaintiff's motion entitled "Plaintiff

Energy Conversion Devices Liquidation Trust's Motion (A) to Confirm Fraudulent Transfer

Complaint Against Intel May Proceed as a Separate Adversary Proceeding Or, Alternatively, (B)

Leave to Amend" (Docket ## 384, 385, the "Motion").[2]  One of the Defendants, Intel

Corporation ("Intel") filed a response, objecting to the Motion (Docket # 398).  The Plaintiff

---

[1]  This Chapter 11 case is jointly administered with the case of United Solar Ovonic LLC, Case No. 12-43167.

[2]  Docket # 384 is the redacted version of the Motion; the unredacted version was filed under seal at Docket # 385.

filed a reply in support of the Motion (Docket ## 429, 431).[3]

The Court concludes that a hearing on the Motion is not necessary. The Court has considered all of the written oral arguments of the parties, all of the authorities cited by the parties, and all exhibits attached to the parties' written papers.[4] For the reasons stated below, the Court will grant the request in the Motion that Plaintiff be granted leave to file its proposed third amended complaint.

In the Motion, the Plaintiff, Energy Conversion Devices Liquidation Trust, seeks leave to file a third amended complaint. The proposed third amended complaint would add an additional claim to Plaintiff's Second Amended Complaint, which was filed December 1, 2021 (Docket # 421, the "Second Amended Complaint"). The amendment would amend the allegations of the Second Amended Complaint in various ways, but the primary amendment would be to add a fraudulent transfer claim against Intel, which is already a defendant, relating to a document referred to in the Motion as the "Fourth Amendment" dated July 31, 2015.[5]

Under the Court's amended scheduling order filed October 21, 2020, all parties were granted leave through, and a deadline of, May 3, 2021 to amend the pleadings.[6] That means that Plaintiff already had leave to file the proposed third amended complaint, and could have done so without filing any motion for leave, if Plaintiff had done so on or before May 3, 2021. It also

---

[3] Docket # 429 is the redacted version of the response; the unredacted version was filed under seal at Docket # 431.

[4] This includes the unredacted versions of the documents filed under seal, referred to above.

[5] A copy of Plaintiff's proposed third amended complaint is attached to the Motion as Exhibit 2, and a copy of the "Fourth Amendment" is attached to the Motion as Exhibit 4.

[6] Amended Scheduling Order (Docket # 199) at 2, ¶¶ I(f) and I(g).

means that May 3, 2021 was the deadline for Plaintiff and each of the other parties to amend their pleadings. But Plaintiff missed the May 3, 2021 deadline, filing the Motion on October 25, 2021.

## II. Discussion

The Court incorporates by reference, and reiterates, the procedural history, facts, and law set out in the Court's recent opinion and order, entitled "Opinion and Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint," filed November 24, 2021 (Docket # 417).

The Court finds that Plaintiff meets the requirements for the Court to grant Plaintiff leave to file the proposed third amended complaint, namely, the "good cause" requirement to modify the Court's scheduling order (the May 3, 2021 deadline to amend pleadings) under Fed. R. Civ. P. 16(b)(4), and the requirements for granting leave to amend a complaint under Fed. R. Civ. P. 15(a)(2). And in the Court's discretion under those rules, the Court will grant Plaintiff leave to file the proposed third amended complaint.[7]

The Court finds and concludes the following. First, the Court finds that the Plaintiff was sufficiently diligent in failing to amend its complaint, in the ways now proposed, by the Court's May 3, 2021 deadline, and instead only seeking leave to amend in the current Motion, filed October 25, 2021. Under the circumstances, Plaintiff filed its Motion promptly after obtaining further evidence that made pleading its fraudulent transfer claim against Intel stronger and more

---

[7] In the Motion, the Plaintiff originally sought this Court's permission to assert its new claim against Intel by filing it in a separate adversary proceeding, and Plaintiff only sought leave to amend its complaint in this action as alternative relief. But in its Reply (Docket ## 429, 431), Plaintiff later asked for the alternative option, leave to amend. Even without that change in approach by Plaintiff, this Court would choose to grant leave to amend rather than letting Plaintiff file a new adversary proceeding.

3

plausible. And the length of Plaintiff's delay in seeking to amend its complaint, beyond the

scheduling order's May 3, 2021 deadline for amending the pleadings, was relatively short,

considering the status, nature and circumstances of this case.

Second, it is clear that if the Motion is granted, Intel will suffer no prejudice from

Plaintiff's delay in seeking to amend its complaint. Intel has been a defendant in this adversary

proceeding since August 1, 2018. On August 27, 2021, with the agreement of all Defendants, the

Court entered an order further extending dates and deadlines in this case, including the deadline

to complete discovery.[8] Now the deadlines are January 14, 2022 to complete fact discovery;

February 1, 2022 and March 10, 2022 for expert reports and rebuttal expert reports, respectively;

and April 7, 2022 to complete all expert depositions. Potentially dispositive motions are not due

until May 6, 2022.

If and to the extent Intel will need to obtain additional discovery because of the granting

of the Motion, the amended schedule just described gives time for that. And if that time is not

sufficient, upon request the Court can and will take any necessary steps to allow more time, to

make sure that Intel is not prejudiced by the timing of Plaintiff's Motion and this Order granting

the Motion.

Third, none of the other factors are present that might justify denying Plaintiff leave to

amend under Civil Rule 15(a), such as bad faith or dilatory motive by the movant; or repeated

failure to cure deficiencies by amendments previously allowed.

## III. Conclusion and Order

For the reasons stated above,

---

[8] Order (Docket # 310).

IT IS ORDERED that:

1. The Motion (Docket ## 384, 385) is granted to the extent of the relief provided in this Order, and otherwise is denied.

2. Plaintiff is granted leave to file its proposed third amended complaint,[9] and must do so, if at all, no later than December 21, 2021.

3. Plaintiff may file a redacted copy of the third amended complaint on the public docket in this adversary proceeding, and then must file an unredacted copy of the third amended complaint under seal, and Plaintiff must serve the unredacted copy on all of the Defendants.

4. If Plaintiff files its proposed third amended complaint on or before the December 21, 2021 deadline, then none of the Defendants are required to file any response to Plaintiff's Second Amended Complaint that was filed on December 1, 2021 (Docket # 421).[10]

**Signed on December 15, 2021**



**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[9] That proposed third amended complaint is attached to the Motion as Exhibit 2.

[10] Currently, Defendants' extended deadline to file a response to the Second Amended Complaint is December 22, 2021.