# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re<br><br>ENERGY CONVERSION DEVICES, INC. | Chapter 11<br><br>Case No. 12-43166-TJT<br><br>(Jointly Administered) |
| ENERGY CONVERSION DEVICES LIQUIDATION TRUST,<br><br>            Plaintiff,<br><br>-against-<br><br>OVONYX, INC., TYLER LOWREY, MICRON TECHNOLOGY, INC., OVONYX MEMORY TECHNOLOGY, LLC, AND INTEL CORPORATION<br><br>            Defendants. | Adversary No.: **18-04320**<br><br>Hon. Thomas J. Tucker |

## DEFENDANTS OVONYX, INC., MICRON TECHNOLOGY, INC., AND OVONYX MEMORY TECHNOLOGY, LLC'S *EX PARTE* MOTION TO ADJOURN DEADLINES IN SCHEDULING ORDER

Under Federal Rule of Bankruptcy Procedure 7016(a), Defendants Ovonyx, Inc., Micron Technology, Inc. ("Micron"), and Ovonyx Memory Technology, LLC (collectively, "Defendants") file this Ex Parte *Motion to Adjourn Deadlines in Scheduling Order* (the "Adjournment Motion"), in which Defendants move this Court to adjourn the current "control date" for trial and the final pretrial conference by approximately 30 days or such other amount of time that Court may find appropriate.

{38437/1/D1959829.DOCX;1}   1

# ARGUMENT

1. In light of the significant motions that currently remain pending before the Court, Defendants respectfully seek to adjourn the only remaining deadlines in the scheduling order in this matter: the final pretrial conference and "control date" for trial. As further explained below, Defendants respectfully submit that good cause exists for the requested relief because pretrial proceedings and deadlines would be premature and inefficient before the Court has heard or ruled on the pending motions.

2. On May 20, 2024, both Plaintiff Energy Conversion Devices Liquidation Trust ("Plaintiff") and Defendants filed various motions for summary judgment and *Daubert* motions. Adv. D.E. 788–792. Plaintiff and Defendants filed subsequent briefs (including response and reply briefs as well as evidentiary objections) on June 18, July 18, and August 15, 2024. Adv. D.E. 801–806, 816–823, 832–833. These motions and objections have not yet been set for hearing.

3. In the most recent scheduling order in this matter, dated June 7, 2024, the Court adjourned trial, previously scheduled for July 16, 2024 "as a control date," to October 22, 2024 at 9:00 a.m. The Court stated, however, that: "**[T]he parties should view this as a control date only. A new, firm trial date will be scheduled by future order.**" Adv. D.E. 800 at 2 (emphasis in original). The Court also

adjourned the final pretrial conference from July 1, 2024 to October 7, 2024. *Id.* at 1.

4. Defendants have no objection to the Court maintaining a "control date" for trial until the Court rules on the pending summary judgment and *Daubert* motions. Indeed, Defendants agree that the most reasonable and efficient approach in this case is for the Court to set a "firm" trial date only after it hears and rules on the pending motions.

5. Defendants note, however, that the parties are now within approximately 30 days of the current "control date" of October 22, 2024, and the final pretrial conference is approaching in just over two weeks. These upcoming dates give rise to potential pretrial deadlines, such as the deadline for the parties to prepare and submit a joint pretrial order. Defendants believe that such pretrial deadlines should occur only in connection with a "firm" trial date, not the current "control date." Accordingly, Defendants respectfully suggest that a further continuance of the "control date" for trial is appropriate.

6. Good cause exists for the Court to modify the current case schedule and adjourn the final pretrial conference and "control date" for trial. As stated above, multiple dispositive motions and *Daubert* motions remain pending, and it would be most efficient for the parties to receive the Court's rulings before preparing any pretrial materials or attending the final pretrial conference. Furthermore, because

the current trial date is a mere "control date," a continuance will cause no prejudice to Plaintiff. Indeed, the Court repeatedly has adjourned the final pretrial conference and trial in this matter to give the parties sufficient time to file summary judgment and *Daubert* motions. *See, e.g.*, Adv. D.E. 689, 713, 715, 717, 718, 720, 723. 726, 732, 753, 776. Therefore, a further adjournment to permit the Court to hear and rule on those motions is equally appropriate.

7. On September 20, 2024, Defendants asked the Trust via email whether it would agree to the relief requested in this Adjournment Motion. On September 23, 2024, the counsel for the Trust indicated that the Trust does not oppose the relief requested.

8. In sum, Defendants have shown good cause to adjourn the final pretrial conference and "control date" for trial given the significant motions that remain pending in this case, including the potential for inefficiency and lack of judicial economy if the Court does not grant the requested relief, the burdens that the current scheduling order otherwise would impose on the parties, and the lack of prejudice or harm that the requested relief would cause to Plaintiff.

## CONCLUSION

Defendants therefore respectfully request that the Court grant this Adjournment Motion, enter the attached proposed order adjourning all deadlines by

approximately 30 days or such other time that the Court may find appropriate, and grant such other relief, in law and in equity, that the Court deems just and proper.

Respectfully submitted,

Dated: September 23, 2024

By: */s/ William C. Blasses*

KERR, RUSSELL AND WEBER, PLC
   Fred K. Herrmann (P49519)
   William C. Blasses (P73945)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
fherrmann@kerr-russell.com
wblasses@kerr-russell.com

By: */s/ Natalie L. Arbaugh*
WINSTON & STRAWN LLP

Natalie L. Arbaugh
Thomas W. Melsheimer
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
T: (214) 453-6500
F: (214) 453-6400
narbaugh@winston.com
tmelsheimer@winston.com

Katherine A. Preston
800 Capitol Street, Suite 2400
Houston, TX 77002
T: (713) 651-2600
F: (713) 651-2700
kpreston@winston.com

*Counsel for Defendants Ovonyx, Inc., Micron Technology, Inc., and Ovonyx Memory Technology, LLC*

# EXHIBIT 1

# PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re<br><br>ENERGY CONVERSION DEVICES, INC. | Chapter 11<br><br>Case No. 12-43166-TJT<br><br>(Jointly Administered) |
| ENERGY CONVERSION DEVICES LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>-against-<br><br>OVONYX, INC., TYLER LOWREY, MICRON TECHNOLOGY, INC., OVONYX MEMORY TECHNOLOGY, LLC, AND INTEL CORPORATION<br><br>        Defendants. | Adversary No.: **18-04320**<br><br>Hon. Thomas J. Tucker |

## ORDER GRANTING DEFENDANTS' *EX PARTE* MOTION TO ADJOURN DEADLINES IN SCHEDULING ORDER

Based on Defendants Ovonyx, Inc., Micron Technology, Inc., and Ovonyx Memory Technology, LLC's *Ex Parte* Motion to Adjourn Deadlines in Scheduling Order (the "Adjournment Motion"), the Court finds good cause to enter this Order.

Accordingly, IT IS ORDERED that:

1. The Adjournment Motion is GRANTED.

2. The most recent amended scheduling order, filed June 7, 2024 (Adv. D.E. 800), is amended to extend certain deadlines and adjourn dates to the following new deadlines and dates:

- The final pretrial conference, currently scheduled for October 7, 2024 at 10:00 a.m., is adjourned to _____ **at _____**.

- The final pretrial conference will be held by telephone. At least five minutes before the scheduled time for the conference, counsel, and any party or other person wishing to attend the final pretrial conference, should call (202) 503-1666 and use Conference ID 654 240 580#.

- Unless the district court withdraws the reference, the trial of this adversary proceeding will be held in this Court. Such trial, currently scheduled to begin on October 22, 2024 at 9:00 a.m. as a control date, is adjourned to _____ **at \_\_\_\_\_**. **However, the parties should view this as a control date only. A new, firm trial date will be scheduled by a future order.**